UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20219-GAYLES

RICHARD CHALMAN,
        Plaintiff,

v.

BARACK HUSSEIN OBAMA, PRESIDENT
OF THE UNITED STATES OF AMERICA,
et al.,
        Defendants.
                                          /

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Richard Chalman, appearing *pro se*, filed a Complaint in this action on January 18, 2017 [ECF No. 1]. Plaintiff filed a motion for leave to proceed *in forma pauperis* [ECF No. 4], and the screening provisions of 28 U.S.C. § 1915 are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds that it must dismiss this action as Plaintiff's Complaint fails to state a claim upon which relief may be granted.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Attorney Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The complaint need not include detailed factual allegations, but it must set forth 'more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted). "[E]ven pro se litigants must comply with the Federal Rules of Civil Procedure." *Maza v. Ware*, 81 F. Supp. 3d 16, 18 (D.D.C. 2015).

Plaintiff's Complaint[1] brings various claims against Defendants, former President Barack Obama and the Florida Democratic Party, under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Fourteenth Amendment to the United States Constitution [ECF No. 1 at 1]. While Plaintiff alleges improper activity by a number of named and unnamed individuals, he does not establish why the two named Defendants should be held legally

---

[1] Plaintiff previously filed a similar action in this District, which was dismissed by Judge Alan S. Gold. *See Charman v. State of Florida, et al.*, No. 08–23076–CIV, 2009 WL 3147889 (S.D. Fla. 2009).

responsible for those individuals' actions. Plaintiff also fails to explain how the complained-of actions violate the law. Furthermore, Plaintiff fails to sufficiently assert this Court's jurisdiction.

Accordingly, the Court concludes that the Complaint fails to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is therefore

**ORDERED AND ADJUDGED** that the Motion for Leave to Proceed *in forma pauperis* [ECF No. 4] is **DENIED**, and the Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE